```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**STEPHAN COTTERRELL,**

    **Petitioner,**

**v.**                                       **CIVIL ACTION NO. 1:19CV60**
                                                **CRIMINAL ACTION NO. 1:17CR63**
                                                  **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

Pending are the pro se motions filed pursuant to 28 U.S.C. § 2255 by the petitioner, Stephan Cotterrell ("Cotterrell"), in which he seeks to vacate, set aside, or correct his sentence (Dkt. Nos. 87, 123).[1] For the reasons that follow, the Court **DENIES** his motions and **DISMISSES WITH PREJUDICE** Civil Action Number 1:19CV60.

### I.    BACKGROUND

On November 7, 2017, a grand jury sitting in the Northern District of West Virginia indicted Cotterrell for conspiracy to violate federal firearms laws, in violation of 18 U.S.C. § 924(o) (Count One); use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); and aiding and abetting the possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2), and 2 (Count Four). After

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:17CR63.

**COTTERRELL V. UNITED STATES**  1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING  
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

Cotterrell pleaded guilty to Count Two, use of a firearm during a crime of violence, the Court sentenced him to 84 months of imprisonment, the mandatory minimum sentence for a violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Dkt. Nos. 48, 49, 70). Cotterrell did not appeal and his conviction became final on October 2, 2018.

On March 18, 2019, Cotterrell filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence raising as his single claim for relief that he is "actually innocent" of using a firearm during a crime of violence because, in light of recent decisions of the Supreme Court of the United States and the United States Court of Appeals of the Fourth Circuit, the predicate offense for his § 924(c) conviction, conspiracy to commit Hobbs Act robbery, is not a qualifying crime of violence (Dkt. No. 87). On August 26, 2019, Cotterrell moved to stay the proceedings until he could supplement his § 2255 motion (Dkt. No. 109). The Court granted his request as a motion for leave to amend his § 2255 motion (Dkt. No. 111). Cotterrell then filed an amended § 2255 motion on September 26, 2019 in which he reiterated his prior argument (Dkt. No. 123).

**COTTERRELL V. UNITED STATES**　　　　　　　　　　　**1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTIONS [DKT. NOS. 87, 123]**

The Government opposed Cotterrell's motion, asserting that the predicate offense for his § 924(c) conviction is substantive Hobbs Act robbery, not, as Cotterrell contends, conspiracy to commit Hobbs Act robbery. It relied on the Fourth Circuit's opinion in United States v. Mathias, 932 F.3d 242, 266 (4th Cir. 2019), which upheld Hobbs Act robbery as a qualifying predicate offense for a § 924(c) conviction (Dkt. No. 130 at 3). The matter is now fully briefed and ripe for decision.

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) permits a federal prisoner who is in custody to assert the right to be released if (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. U.S., 261 F.2d 546, 547 (4th Cir. 1958).

## III. DISCUSSION

Cotterrell's motions challenge whether the predicate offense for his § 924(c) conviction qualifies as a "crime of violence." He

3

adamantly contends that his predicate offense is conspiracy to commit Hobbs Act robbery, which is not a crime of violence (Dkt. No. 123 at 5). The Government asserts that his predicate offense is substantive Hobbs Act robbery, which is a crime of violence (Dkt. No. 130 at 3).

An offense under 18 U.S.C. § 924(c)(1)(A) arises when a defendant uses or carries a firearm during or in relation to a "crime of violence." See U.S. v. Mathis, 932 F.3d 242, 263 (4th Cir. 2019). Section 924(c)(3) defines a crime of violence as a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsections 924(c)(3)(A) and (B) are commonly referred to as "the force clause" and "the residual clause," respectively. U.S. v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015). Because in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court of the United States held that the residual clause of § 924(c) is unconstitutionally vague, for Cotterrell's § 924(c) conviction to

**COTTERRELL V. UNITED STATES**                                **1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

stand, his predicate offense must constitute a crime of violence under the force clause.

Applying the categorical approach, the Fourth Circuit has held that substantive Hobbs Act robbery is a crime of violence under the force clause because the commission of this offense requires, at a minimum, the "threatened use of physical force." Mathis, 932 F.3d at 265-66. It has also held, however, that conspiracy to commit Hobbs Act robbery is not a crime of violence because "to convict a defendant to this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." U.S. v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019).

"[P]roof of a predicate offense is an essential element of a § 924(c) violation." U.S. v. Randall, 171 F.3d 195, 205 (4th Cir. 1999). The Government is not required to separately charge or convict the defendant of the § 924(c) predicate offense, or to specify a particular predicate offense in the § 924(c) charge in the indictment. See Id. at 208. "Rather, to be valid, a § 924(c)

5

COTTERRELL V. UNITED STATES                              1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

conviction merely requires a 'showing by the government that a reasonable jury could have convicted on the predicate . . . offense.'" U.S. v. Thompson, No. 19-7586 (4th Cir. Oct. 4, 2021) (quoting U.S. v. Carter, 300 F.3d 415, 425 (4th Cir. 2002)). To determine whether the Government has made the requisite showing, courts may look to the facts the defendant admitted through a plea agreement and plea colloquy. U.S. v. Crawley, 2 F.4th 257, 262-65 (4th Cir. 2021).

Here, a review of the record establishes that Cotterrell's § 924(c) conviction is predicated on substantive Hobbs Act robbery. While the Government was not required to charge or convict Cotterrell of Hobbs Act robbery, it was required to establish that a reasonable jury could have convicted him of that offense. Carter, 300 F.3d at 425. Here, the Government met its burden through the language of the indictment, the terms of the plea agreement, and the testimony of both its witness and Cotterrell during the plea hearing.

Although not required to do so, the Government specified Hobbs Act robbery as the predicate offense for Cotterrell's § 924(c) violation in Count Two of the indictment, stating:

6

**COTTERRELL V. UNITED STATES**  1:19CV60/1:17CR63

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTIONS [DKT. NOS. 87, 123]**

> On or about January 10, 2017, in Monongalia County, in the Northern District of West Virginia, [Cotterrell], did knowingly use and carry and brandish a firearm . . . during and in relation to a crime of violence for which he may be prosecuted in a Court of the United States; "to wit: Interference with Commerce by Threats or Violence (Hobbs Act); a felony prosecutable in the Court of the United States under Title 18, United States Code, Section 1951(a); in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

(Dkt. No. 1 at 1-3). Cotterrell agreed to plead guilty to this charge in his plea agreement (Dkt. No. 48 at 1).

At the plea hearing, the Government offered testimony of a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives to establish the factual basis for Cotterrell's guilty plea (Dkt. No. 116 at 22). His testimony focused on the timeline of events during and after the robbery, rather than on any acts in furtherance of the charged conspiracy or any agreement that may have existed between Cotterrell and his co-defendant. Id. at 22-26. Specifically, he testified that, on January 10, 2017, Cotterrell and his co-defendant forcibly entered a residence in Morgantown, West Virginia to rob the occupants of their drugs and drug proceeds (Dkt. No. 116 at 22-23). During the robbery,

7

**COTTERRELL V. UNITED STATES**                          **1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

Cotterrell carried a revolver and held the occupants at gun point.[2] Id. at 24-26. He and his co-defendant robbed the occupants of cash, prescription pills, jewelry, cell phones, and a shotgun. Id.

Thereafter, while under oath, Cotterrell confirmed the accuracy of this description of his offense conduct in the following exchange:

> THE COURT: Mr. Cotterrell, I would ask that you explain to me, in your own words, what you did on that day that makes you guilty of use of a firearm during a crime of violence.
> THE DEFENDANT: What I would say that makes me guilty is that I had -- possessed a firearm during a crime.
> THE COURT: Uh-huh. Okay. What kind of crime was it that was being committed?
> THE DEFENDANT: A robbery.
> THE COURT: Okay. And you were part of that?
> THE DEFENDANT: Yes.

Id. at 26-27.

Thus, based on the facts Cotterrell admitted through his plea agreement and plea colloquy, a reasonable jury could have convicted him of substantive Hobbs Act robbery which requires the government to prove "(1) that the defendant coerced the victim to part with

---

[2] In fact, Cotterrell not only held the victims at gun point, but also discharged his firearm near one victim's head (Dkt. No. 77 at 15). The Government nevertheless charged him with brandishing, rather than discharging a firearm during a crime of violence which would have increased his mandatory minimum sentence to ten years. See United States v. Davis, 139 S. Ct. 2319, 2324 (2019).

8

**COTTERRELL V. UNITED STATES**                             **1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

property; (2) that the coercion occurred through the 'wrongful use of actual or threatened force, violence or fear or under color of official right'; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." U.S. v. Reed, 780 F.3d 260, 271 (4th Cir. 2015).

Therefore, the indictment in this case, combined with his testimony from the plea hearing, establish that Cotterrell's § 924(c) conviction is predicated on substantive Hobbs Act robbery. And because Hobbs Act robbery categorically qualifies as a crime of violence under the force clause of § 924(c), Cotterrell's § 924(c) conviction is valid.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Cotterrell's § 2255 motion (Dkt. No. 87), **DENIES** his amended § 2255 motion (Dkt. No. 123), and **DISMISSES WITH PREJUDICE** Civil Action Number 1:19CV60. Because the record conclusively establishes that Cotterrell is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing. 28 U.S.C. § 2255(b); see Raines v. U.S., 423 F.2d 526, 530 (4th Cir. 1970).

It is so **ORDERED.**

**COTTERRELL V. UNITED STATES**                                                    **1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING**
**§ 2255 MOTIONS [DKT. NOS. 87, 123]**

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to Cotterrell by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

### V.    NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Cotterrell has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v.

**COTTERRELL V. UNITED STATES**　　　　　　　　　**1:19CV60/1:17CR63**

**MEMORANDUM OPINION AND ORDER DENYING
§ 2255 MOTIONS [DKT. NOS. 87, 123]**

Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record, the Court concludes that Cotterrell has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated:　　October 15, 2021

　　　　　　　　　　　　　　　　　/s/ Irene M. Keeley
　　　　　　　　　　　　　　　　　IRENE M. KEELEY
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE